**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
IN RE WILLIAM F. QUEZADA,           )
                                   ) Civil Action No. 13-638 (EGS)
          Debtor/Appellant.         )
_____)

**MEMORANDUM OPINION**

Pending before the Court is Appellant William Quezada's appeal of a ruling by the United States Bankruptcy Court for the District of Columbia in Bankruptcy Case No. 13-011. Upon consideration of the briefs, the applicable law, and the entire record, the Court **AFFIRMS** the ruling of the bankruptcy court.

**I.  BACKGROUND**

Mr. Quezada sought to avail himself of the protections of Chapter 13 of the Bankruptcy Code while facing imminent foreclosure on a multi-unit apartment building he owned in Washington, D.C. The building was previously owned by Mr. Quezada's former wife, who obtained a mortgage on the property for $445,800 in 2006. *See* Deed of Trust Note, Dkt. No. 2 at 30-37. In 2009, the property was awarded to Mr. Quezada during divorce proceedings before the Superior Court for the District of Columbia. *See* Order, *Quezada v. Lopez*, Nos. 4DRB560, 4DRB1282 (D.C. Super. Ct. Dec. 9, 2009). The promissory note related to the mortgage came to be held by the Dyer Trust 2012-1 ("Dyer"). *See* Assignment of Deed, Dkt. No. 2 at 70-71. When Mr. Quezada

failed to make mortgage payments, Dyer foreclosed on the property. *See* Dyer's Mot. to Dismiss, Dkt. No. 2 at 21.

Dyer initially scheduled the foreclosure sale for January 10, 2013, *id.*, but Mr. Quezada filed this case on January 8, 2013. *See* Petition, Dkt. No. 2 at 5-7. Along with his bankruptcy petition, Mr. Quezada filed some, but not all, of the financial documents required by the Bankruptcy Code. The following day, the bankruptcy court sent Mr. Quezada a notice directing him to file the remaining documents—including copies of recent payment advices and a Chapter 13 plan of reorganization—by January 22, 2013. *See* Notice, *In re William F. Quezada*, No. 13-011 (Bankr. D.D.C. Jan. 9, 2013), Dkt. No. 10. The notice warned that "[f]ailure to file the missing documents . . . may result in dismissal of this case." *Id.* at 1. On January 23, 2013, the bankruptcy court, sua sponte, ordered that the documents be filed by no later than February 6, 2013. *See* Order, *In re William F. Quezada*, No. 13-011 (Bankr. D.D.C. Jan. 23, 2013), Dkt. No. 15. Mr. Quezada never filed the documents.

This prevented the United States Trustee, Cynthia Niklas, from holding a meeting of creditors, which was initially scheduled for February 11, 2013. *See* Notice of Meeting of Creditors, *In re William F. Quezada*, No. 13-011 (Bankr. D.D.C. Jan. 9, 2013), Dkt. No. 11. Ms. Niklas canceled the meeting and, on February 12, 2013, moved to dismiss the petition. *See* Trustee's Mot. to

Dismiss, Dkt. No. 2 at 9-12. She argued that Mr. Quezada's petition should be dismissed for, among other reasons, failure to submit required documents to the bankruptcy court and failure to submit copies of recent income-tax returns in advance of the meeting of creditors. *See id.*[1]

On February 21, 2013, Dyer filed a motion to dismiss the petition, which raised additional arguments not covered in Ms. Niklas's motion. *See* Dyer's Mot. to Dismiss, Dkt. No. 2 at 19-28. Dyer's motion also included a notice to Mr. Quezada that failing to respond within twenty-one days could result in the motion being granted without a hearing. *See id.* at 27.

Mr. Quezada did not respond to either motion. Accordingly, on March 18, 2013, the bankruptcy court granted the motions as unopposed and dismissed the petition with prejudice to the filing of a case under the bankruptcy code for 180 days. *See* Order, Dkt. No. 2 at 160. Mr. Quezada filed a notice of appeal on April 1, 2013. *See* Notice of Appeal, Dkt. No. 2 at 161-62. That appeal is now ripe for the Court's decision.

---

[1] The motion included a notice that a hearing would be held on March 22, 2013. *Id.* at 11; *see* Local Bankr. R. 5070-1(a) (permitting parties to schedule a hearing in this manner). The notice also informed Mr. Quezada, as required by Local Bankruptcy Rule 9013-1(b)(3), that "within twenty one (21) days . . . you must file and serve a written objection to the motion" and that "[i]f you fail to file a timely objection, the motion may be granted by the court without a hearing." Trustee's Mot. to Dismiss, Dkt. No. 2 at 11 (emphasis omitted).

## II. STANDARD OF REVIEW

This Court has jurisdiction over appeals of decisions of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1) (conferring jurisdiction on federal district courts "to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts). On appeal from a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A district court reviews a bankruptcy court's findings of fact only for indication that they are clearly erroneous. *Id.; see also In re Johnson*, 236 B.R. 510, 518 (D.D.C. 1999). "A finding [of fact] is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Johnson*, 236 B.R. at 518 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A bankruptcy court's legal conclusions, however, are reviewed *de novo*. *See In re WPG, Inc.*, 282 B.R. 66, 68 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). The party seeking to reverse the bankruptcy court's ruling bears the burden of proof and may not prevail by showing "simply that another conclusion could have been reached." *Id*. (quotation marks omitted).

**III. DISCUSSION**

The Bankruptcy Court dismissed Mr. Quezada's petition in a brief order, which granted the pending motions to dismiss as unopposed. *See* Order, Dkt. No. 2 at 160. "The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002). Accordingly, "a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the . . . court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."). The bankruptcy court was therefore justified in dismissing the petition. In any event, Mr. Quezada's petition was subject to dismissal for at least three other reasons.

*First*, Mr. Quezada did not file all of the financial documents that must be submitted within fifteen days of filing a bankruptcy petition. He never submitted "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition." 11 U.S.C. § 521(a)(1)(B). This may lead to dismissal "on request of the United States trustee," 11 U.S.C. § 1307(c)(9), and dismissal is "automatic[]" when the information is not submitted within

forty-five days after the petition was filed. *See* 11 U.S.C. § 521(i)(1). In her motion to dismiss, the United States Trustee requested that Mr. Quezada's petition be dismissed on this ground and, in any event, dismissal would have been automatic because, by the time the bankruptcy court dismissed the petition, sixty-nine days had elapsed since the petition had been filed.

*Second*, Mr. Quezada did not file a Chapter 13 plan within fourteen days of the date on which his petition was filed, as required by 11 U.S.C. § 1321 and Federal Rule of Bankruptcy Procedure 3015(b). Indeed, he never filed a Chapter 13 plan. This, too, is grounds for dismissal of the petition "on request of . . . the United States trustee." 11 U.S.C. § 1307(c)(3); *see* Trustee's Mot. to Dismiss, Dkt. No. 2 at 9.

*Third*, Mr. Quezada did not submit his tax returns to the United States Trustee. He was required to submit his most recent federal income-tax return by no later than seven days prior to the date on which the meeting of creditors was scheduled to be held, 11 U.S.C. § 521(e)(2)(A), and to submit his tax returns for the past four years by the day before the meeting. 11 U.S.C. § 1308(a). Mr. Quezada never submitted any tax returns and the court would therefore have been required to dismiss his petition pursuant to 11 U.S.C. §§ 521(e)(2)(B), 1307(e).

**IV. CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the ruling of the Bankruptcy Court. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**December 20, 2013**